IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jose Luis Chavez-Tovar, | C/A No.:1:12-1310-DCN-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Kenny Atkinson, Warden, FCI-Edgefield, | |
| Respondent. | |

Petitioner Jose Luis Chavez-Tovar, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural History

Petitioner pled guilty to reentry of deported aliens on August 3, 2010. *United States v. Chavez-Tovar*, Cr. No. 7:10–872 (S.D. Tex.).[1] [Entry #16]. After Petitioner's guilty plea, the assigned district judge imposed a 33-month sentence on March 11, 2011.

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

[*Id*. at Entry #30]. Plaintiff has not filed a direct appeal or a motion to vacate pursuant to 28 U.S.C. § 2255.

In the instant petition, Petitioner alleges he was arrested for possession of marijuana on May 2, 2010 by local law enforcement officers. [Entry #1 at 3]. On the same day, federal agents discovered he was a previously-deported alien. *Id*. Petitioner alleges he was read his *Miranda* rights, waived them, and admitted he entered the country illegally. *Id*. According to Petitioner, he was told he would remain in federal custody at the county jail until the "state authorities defined the possession charge against him." *Id*. Petitioner alleges he never received sentencing credit for this time period. *Id*. at 4. He believes he was denied equal protection and due process rights because the sentencing court was unwilling to award him full pre-sentence jail credits, or, in the alternative, to issue a recommendation to the Federal Bureau of Prisons to compute the 33-month sentence beginning on July 16, 2010, the date he claims he was placed under the physical custody of the federal authorities. *Id*. Petitioner further claims that his federal public defender's refusal to file a notice of appeal challenging the sentencing court's reluctance to award credits denied him "the entire judicial proceeding of an appeal." *Id*. Petitioner believes that the sentencing judge should have considered Sections 5G1.3 and 1B1.3 of the U.S. Sentencing Manual when his sentence was imposed. *Id*. at 3.

This is not the first time that Petitioner has challenged a federal conviction. A review of cases filed by Petitioner in the Southern District of Texas show that he filed a Section 2241 petition on July 27, 2007 concerning a 2005 conviction and sentence. *See*

*Chavez-Tovar v. USA*, Civil Action No. M-07-232 (S.D. Tex. 2007). A Report and Recommendation ("R&R") was entered on July 15, 2010. [*Id*. at Entry #2]. According to the R&R, Petitioner was sentenced to 37 months after pleading guilty to illegal reentry in violation of 28 U.S.C. § 1326. [*Id*. at Entry #2 at 1]. The sentence took into account his criminal history, which included convictions for delivery of drugs, domestic assault, and driving while intoxicated. *Id*. He asserted that his counsel was ineffective for failing to pursue a downward departure, and he also claimed he was entitled to a deportation hearing to ensure that there was no delay in his removal from the United States at the end of his prison term. *Id*. The magistrate judge recommended that Petitioner's habeas petition be denied because his ineffective assistance claim was not properly asserted in a Section 2241 petition and was baseless in any event. The magistrate judge further found the court lacked authority to consider Petitioner's demand for a removal hearing because it was premature and brought in the wrong district. *Id*. The district judge adopted the R&R and dismissed Petitioner's case on September 28, 2010. [*Id*. at Entry #4].

Petitioner now seeks to challenge his most recent conviction and sentence for illegal re-entry by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in this district. [Entry #1].

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the

3

United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

The petition in this case should be dismissed because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is inadequate or ineffective. By filing this § 2241 petition, Petitioner is

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

improperly attempting to short-circuit the statutory framework established by Congress for the consideration of such claims.

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which is present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129–30 (7th Cir. 1991).

Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his sentence, but it is not generally available where the

5

underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).

Petitioner's allegations go to the underlying validity of his sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the savings clause of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1977).

The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* Petitioner has not asserted any set of facts which could be construed to meet the prongs announced in *Jones*. As a result, this court does not have jurisdiction to entertain Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Additionally, Petitioner has not shown that he was precluded from filing a direct appeal or asserting his claims under § 2255. It is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *Id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5.

Accordingly, because he cannot satisfy the *Jones* test or show any other exceptional reason for resort to § 2241 to raise a sentencing-error issue in this case, Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate.

III. Conclusion

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed without prejudice and without requiring respondent to file a return.

IT IS SO RECOMMENDED.

June 28, 2012　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).